BOURLAND *v.* STATE.

(*Nashville,* December Term, 1942.)

Opinion filed January 30, 1943.

HOMER B. WEIMER, WALKER & HOOKER, and VICTOR BARR, all of Nashville, for plaintiff in error.

JULIAN WALKER and CHARLES T. HOUSTON, both of Nashville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error was indicted for a violation of the Blue Sky Law of Tennessee (Code, secton 6056 et seq.) and his punishment fixed at a fine of $5,000 and confinement in the county jail for ninety days. He has appealed to this court and assigned errors.

The facts of the case are undisputed. Plaintiff in error being the owner of certain lands in the State of Texas, sold and conveyed a part of the same to the prosecutor, a resident of Tennessee. He also sold and conveyed other parts of his lands to other residents of Tennessee.

The question for determination is whether the Blue Sky Law applies to an individual selling or offering for sale in Tennessee his own land situated outside of Tennessee.

Section 6056 of the Code is as follows (omitting exceptions): "Every corporation, copartnership or company, and every association [follow certain designated exceptions], whether incorporated or unincorporated, which shall sell or negotiate for the sale of any stocks, bonds, or other securities of any kind or character of any lands or town lots in any quantity situated outside of this state, other than bonds of the United States, the State of Tennessee, or of some municipality of the State, and notes secured by mortgages on real estate located in the State, to any person in the State, other than those specifically exempted herein, shall be known for the pur-

pose of this chapter as a domestic investment company. Every such investment company organized in any other State, territory, or government shall be known for the purpose of this chapter as a foreign investment company.''

■■ Plaintiff in error being neither a corporation, copartnership, company nor association does not, it is apparent, come within the purview of the statute. It is charged in the indictment that in selling lands situated in Texas to residents of Tennessee plaintiff in error was doing ''the business of an investment company, incorporated, as defined by Section 6056 of the Code of Tennessee.'' But, the doing of a business that a corporation, copartnership, company or association might be empowered to do, does not metamorphose an individual into a corporation or an unincorporated company or association. The statute is highly penal and in derogation of the common law and on both counts must be strictly construed. The Legislature did not include individuals within the scope of the Act, and the courts are without right to enlarge or amend the same.

The judgment of the trial court must be reversed and the suit dismissed.